UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GARY E. MALIK,

    Plaintiff, on behalf of himself and all similarly situated persons,

 -vs-                                         Case No.
                                               Hon.

CARDWORKS SERVICING, LLC,

    Defendant.

## CLASS ACTION COMPLAINT & JURY DEMAND ALLEGING VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND SEEKING STATUTORY AND ACTUAL DAMAGES, ATTORNEY FEES AND COSTS

### Introduction

1. This is a class action suit brought pursuant to Federal Civil Rule 23 for statutory damages, attorney fees and costs under the Fair Debt Collection Practices Act ("FDCPA"). The action challenges the debt-collection practice of mailing to consumers mass-produced dun letters which reference payment arrangements that were never made with the consumer.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 and 28 U.S.C. §§1331, 1337.

### Parties

3. GARY E. MALIK ("the Named Plaintiff"), the Named Plaintiff to this lawsuit resides in Warren, Michigan in Macomb County.

4. The Defendant is a Limited Liability Company which is privately held and has no parent companies or subsidiaries that are publicly held; the Defendant is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. The Defendant was hired by one or more creditors to collect monies allegedly owed by the Named Plaintiff.

8. On or about August 21, 2008, the Defendant mailed a letter to the Named Plaintiff referring to, ". . . the most recent payment arrangement that you made with one of our representatives." (See Attached Exhibit A, "the letter.").

9. When the Named Plaintiff received the letter, he had not previously been contacted by the Defendant.

10. When the Named Plaintiff received the letter, he had not previously made any payment arrangement with the Defendant.

11. The letter is unsigned and purportedly came from the Defendant.

12. The purpose of the reference in the letter to "the most recent payment arrangement you made with one of our representatives" is to deceive consumers such as the Named Plaintiff into believing that a payment arrangement had been made with the Defendant when none had.

13. On information and belief, Defendant has sent countless identical letters to consumers throughout the nation.

### COUNT I – Fair Debt Collection Practices Act (Cardworks Servicing, LLC)

14. The Named Plaintiff incorporates the preceding allegations by reference.

15. At all relevant times Cardworks Servicing, LLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Cardworks Servicing, LLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Cardworks Servicing, LLC's foregoing acts in attempting to collect this alleged debt against the Named Plaintiff constitute violations of the FDCPA.

18. The Named Plaintiff has suffered damages as a result of these violations of the FDCPA.

### CLASS CLAIMS

19. The Named Plaintiff incorporates the preceding allegations by reference.

20. The conduct mentioned herein was unfair, deceptive and/or unconscionable and violated the FDCPA in the following manner:

    a. it constituted communication containing the false impression of the character or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2);

    b. it constituted the use of a false representation or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10);

    c. it constituted conduct which had the natural consequence of harassing, oppressing, or abusing consumers in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

      d.      it constituted an unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

21.    As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the class members were all damaged and are entitled to statutory damages.

## **CLASS ALLEGATIONS**

22.    This action is brought as a class action on behalf of all persons to whom Cardworks Servicing, LLC sent a letter referencing payment arrangements when no such arrangements had been made.

23.    The Named Plaintiff brings this action on behalf of himself and other members of a class of consumers numbering, on information and belief, in excess of 100,000.

24.    The class of persons to be represented are so numerous that joinder of all members is impractical.

25.    There are questions of law and fact common to the class that relate to and affect the rights of each member of the class and the relief sought is common to the entire class.

26.    The Named Plaintiff's claims are typical of the claims of all the potential class members; all are based on the same legal and remedial theories.

27.    There is no known conflict between the Named Plaintiff and the other members of the class with respect to this action, or with respect to the claims for relief set forth herein.

28.    The Named Plaintiff will fairly and adequately protect the interest of the class.

29.    The Named Plaintiff have retained counsel who are experienced in handling class actions and/or consumer litigation under the Federal Consumer Credit Protection Act.

30. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. There is no impediment to certification of the classes to be represented.

32. This action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates risk of individual adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

33. The identity of each individual member of the class can be ascertained from Defendants' books and records.

34. Because many members of the class may not be aware of their rights, or are not in a financial position to assert such rights readily, and because relegation of their claims to individual actions result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **JURY DEMAND**

35. The Named Plaintiff requests a trial by jury.

**REQUEST FOR RELIEF**

WHEREFORE, the Named Plaintiff prays for the following relief:

a. a ruling from this Court that this claim is appropriate for class action treatment, and the certification of a class pursuant to Rule 23(b)(3), Fed. R. Civ. P.;

b. a judgment against Defendant for all statutory damages to which the Named Plaintiff and all members of the class are entitled; and

c. reimbursement of or payment for reasonable costs and attorney fees incurred by counsel for the Named Plaintiff in connection with the successful prosecution of this claim;

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: **s/ ADAM G. TAUB**
Adam G. Taub (P48703)
Attorney for Named Plaintiff
18930 West 10 Mile Rd. Suite 2500
Southfield, MI 48075
(248) 746-3790
adamgtaub@clgplc.net

**s/ ADAM S. ALEXANDER**
THE ALEXANDER LAW FIRM
Attorney for Named Plaintiff
18930 West 10 Mile Rd. Suite 2500
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com
(P53584)

Dated: July 23, 2009